UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ZACCHEO GIOVANNI PAMIO<br><br>Defendant. | Criminal No. 2:17-mc-51188<br><br>FILED<br>JAN 17 2018<br>CLERK'S OFFICE<br>U.S. DISTRICT COURT |

## SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION OF ZACCHEO GIOVANNI PAMIO

I, Ian Dinsmore, being first duly sworn on oath, depose and state as follows:

1. I make this supplemental affidavit in support of the request of the United States of America to Germany for the extradition of Zaccheo Giovanni PAMIO (hereafter, "PAMIO"). The purpose of this supplemental affidavit is to respond to questions presented by the German authorities in response to the United States' request for extradition.

2. I have been a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") since October 2015. As an FBI SA, I have participated in various investigations and prosecutions pertaining to conspiracy to defraud the United States, wire fraud, and Clean Air Act violations, including violations of Title 18, United States Code ("U.S.C."), Section 371 (Conspiracy to Defraud the United States and Conspiracy to Commit an Offense Against the United States); Title 18, U.S.C., Section 1343 (Wire Fraud); and Title 42, U.S.C., Section 7413 (Clean Air Act violations). I have personally conducted and participated in several fraud investigations. I have participated in investigative activities, such as arrest and search warrants, interviews, consensual monitoring, trial preparation, and subpoena preparation. As a result of my training and experience, I am familiar with federal laws relating to fraud schemes, and common fraud techniques employed in those schemes.

3. In my capacity as an FBI Special Agent, I am assigned to, and am investigating, a scheme perpetrated by current and former employees of Volkswagen AG ("VW AG") and its subsidiaries, including Volkswagen Group of America ("VW GOA"), Audi AG ("Audi"), and affiliates (collectively, "VW") and others, to impair and impede the lawful functions of the U.S. Environmental Protection Agency ("EPA"), defraud U.S. customers of VW's diesel vehicles, and violate the Clean Air Act. Specifically, from in or about May 2006 until at least in or about September 2015, VW falsely represented to the EPA and the California Air Resources Board ("CARB") (together with the EPA, "U.S. regulators") and its U.S. customers that its diesel-engine vehicles met applicable U.S. emissions standards and were otherwise "clean diesel" vehicles, when in fact they were not. Deceiving U.S. regulators enabled VW to sell vehicles in the United States even though they emitted harmful toxins into the environment in violation of the Clean Air Act.

4. The information contained in this supplemental affidavit is based, in part, on my personal knowledge and observations during the course of this investigation, as well as information provided to me by other law enforcement agents, and is based on a review of various documents and records, as well as the statements of a cooperating witness who is an employee in Audi's Diesel Engine Development Department. Additionally, this supplemental affidavit is based upon my training and experience as well as that of other law enforcement agents working with me in this investigation. All of the dates listed in this affidavit should be read as "on or about" dates. This supplemental affidavit does not purport to set forth all of the information which I, or collectively the other law enforcement agents involved in this investigation, have knowledge regarding this investigation and criminal case.

5. Based on the investigation in this case, on July 6, 2017, the Honorable David R. Grand, United States Magistrate Judge, signed a criminal complaint charging PAMIO with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; (ii) commit wire fraud, in violation of 18 U.S.C. § 1343; and (iii) violate the Clean Air Act, in violation of 42 U.S.C. § 7413(c)(2)(A); and committing at least one overt act in furtherance of the conspiracy, all in violation of 18 U.S.C. § 371. The complaint was supported by an affidavit signed by Special Agent Lynn Rademacher-Gault, a Special Agent with the Environmental Protection Agency-Criminal Investigation Division (EPA-CID). That affidavit spells out in detail the criminal scheme in which PAMIO is accused of having participated. A similar affidavit, executed by the undersigned, was provided in support of the request to extradite PAMIO.

6. The criminal complaint further charged PAMIO with committing wire fraud, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

7. Finally, the criminal complaint charged PAMIO with violating the Clean Air Act, in violation of 42 U.S.C. § 7413(c)(2)(A) and 18 U.S.C. § 2.

8. On or about November 8, 2017, German authorities presented the United States with questions regarding PAMIO and the offenses he is charged with committing. In response, I provide the following information.

9. PAMIO was the head of the N/EA Thermodynamics department of Audi AG from approximately 2002 until November 2015. In that position, PAMIO led a team of engineers responsible for designing emissions control systems to meet emissions standards for Audi diesel vehicles that were marketed to and sold into the United States. The criminal complaint charges PAMIO with entering into a conspiracy with others at Audi AG to cheat standard U.S. diesel emissions tests in order to obtain the requisite certificates and approvals to

3

sell vehicles into the United States. Specifically, PAMIO and his co-conspirators realized that they could not calibrate a diesel engine that would meet U.S. emissions standards within the design constraints imposed by other departments at Audi. Instead, PAMIO and his co-conspirators knowingly designed and implemented in the relevant Audi vehicles cheating software that recognized when cars were undergoing U.S. emissions tests and accordingly lowered nitrogen oxide ("NOx") emissions to ensure that vehicles passed the testing procedures. During normal driving conditions, however, the software would switch so that the vehicles would emit far higher NOx. PAMIO and his co-conspirators at Audi falsely represented to U.S. regulators and U.S. consumers that the relevant Audi vehicles were "clean diesel," when in fact they emitted harmful toxins into the environment.

10. PAMIO has been charged with violating three U.S. federal statutes. The elements of the three federal statutes are as follows:

(1) <u>Conspiracy (18 United States Code ("U.S.C.") § 371)</u>: (i) that PAMIO agreed with one or more persons to violate U.S. law; (ii) that PAMIO knowingly participated in the conspiracy to violate U.S. law; and (iii) that at least one conspirator committed at least one act in furtherance of the conspiracy. In this case, the U.S. government alleges that PAMIO conspired with others to defraud the United States by impairing, impeding, obstructing, and defeating a lawful function of the federal government, the EPA's function of implementing and enforcing emissions standards for air pollutants for new motor vehicles under the Clean Air Act, by deceitful or dishonest means. The conspiracy took place through meetings, emails, and other types of communications throughout the relevant time period. The government also alleges

4

that PAMIO conspired with others to commit wire fraud and to violate the Clean Air Act; substantive crimes which are further described below.

(2) <u>Wire fraud (18 U.S.C. § 1343)</u>: (i) that PAMIO knowingly, willfully, and with the intent to defraud; (ii) having devised and intending to devise a scheme and artifice to defraud and to obtain money and property; (iii) by means of materially false and fraudulent pretenses, representations, and promises; (4) transmit and cause to be transmitted by means of wire, radio, and television communications, writings, signs, signals, pictures, and sounds in interstate and foreign commerce; and (5) for the purpose of executing such scheme and artifice. The United States alleges that PAMIO defrauded U.S. consumers by marketing and selling vehicles as "clean diesel," when, in fact, PAMIO and his co-conspirators knew that the vehicles were not "clean" and exceeded the U.S. legal requirements in real driving situations. PAMIO and his co-conspirators defrauded U.S. consumers by selling to people who wanted an environmentally-friendly vehicle a car that, in reality, was exactly the opposite and emitted harmful toxins into the environment. PAMIO sent and received wires (including emails) in furtherance of the criminal scheme.

(3) <u>Clean Air Act (42 U.S.C. § 7413(c)(2)(A))</u>: that PAMIO (i) made and caused to be made; (ii) false material statements, representations, and certifications in, and omitted and caused to be omitted material information from; (3) notices, applications, records, reports, plans, and other documents required pursuant to the Clean Air Act to be filed or maintained. The United States alleges that PAMIO violated the Clean Air Act by making or causing false representations to be made to U.S. regulatory agencies, including the EPA, for the purpose of obtaining the requisite certificates and

approvals to sell the vehicles in the United States. For example, PAMIO attended a meeting with the California Air Resources Board ("CARB"), another U.S. regulator, on March 24, 2015, during which PAMIO falsely indicated that the Audi 3.0L vehicles did not contain cheating software.

11. The maximum term of imprisonment for conspiracy under 18 U.S.C. § 371 is five years per violation. The maximum term of imprisonment for a violation of 18 U.S.C. § 1343 is 20 years per violation. The maximum term of imprisonment for a violation of 42 U.S.C. § 7413(c)(2)(A) is two years per violation.

12. The vehicles affected by this fraud, for which PAMIO and his co-conspirators are responsible, include:

- Model Year 2009-2016 VW Touareg 3.0L;
- Model Year 2009-2015 Audi Q7 3.0L;
- Model Year 2014-2016 Audi A6 Quattro 3.0L;
- Model Year 2014-2016 Audi A7 Quattro 3.0L;
- Model Year 2014-2016 Audi A8L 3.0L;
- Model Year 2014-2016 Audi Q5 3.0L.
- Model Year 2013-2016 Porsche Cayenne 3.0L

13. The number of vehicles sold in the United States which contained the cheating software, and for which PAMIO can be legally held responsible, is approximately 63,966.

14. PAMIO was in the same position at Audi AG, as the leader of the Thermodynamics Department, during the entire relevant timeframe. PAMIO and his co-conspirators were responsible for designing and implementing the cheating software that went into the first series of Audi diesel vehicles sold into the United States in 2009. They then continued to perpetrate the fraud for every subsequent model year sold into the U.S. markets until the model year cars 2016.

15. Each consumer who purchased an affected "clean diesel" Audi diesel vehicle is considered a victim. PAMIO and his co-conspirators defrauded those purchasers by knowingly selling them something different than what they bargained for: a car that emitted dangerous toxins that harmed the environment and exceeded allowable legal limits.

16. This affidavit was sworn to before a U.S. Magistrate Judge legally authorized to administer an oath for this purpose.

Ian Dinsmore, Special Agent
Federal Bureau of Investigations

Sworn before me and subscribed in my presence this 17th day of January, 2018.

THE HONORABLE R. STEVEN WHALEN
United States Magistrate Judge
Eastern District of Michigan

7